IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTINA ROMERO, Individually and GARY ADAN CRUZ, SR., Individually, <br>     Plaintiffs, <br><br> v. <br><br> AMANDA BROWN in her individual capacity, NICOLE MOUTON in her individual capacity, OFFICER ROBERT RUIZ in his individual capacity, CITY OF HOUSTON and DOES 1 through 10, Inclusive. <br>     Defendants. | § § § § § § § § § § § § § § § | Civil Action No. 4:17-CV-00427 <br><br> JURY DEMAND |

## DEFENDANTS AMANDA BROWN AND NICOLE MOUTON'S MOTION TO DISMISS

TO THE HONORABLE JUDGE DAVID HITTNER:

COME NOW Defendants Amanda Brown and Nicole Mouton (collectively, "TDFPS Defendants"), by and through Ken Paxton, Attorney General for the State of Texas, and the undersigned Assistant Attorney General, and file this Motion to Dismiss. In support, the Defendants offer the following for the Court's consideration.

## I. INTRODUCTION

Plaintiffs Christina Romero ("Romero") and Gary Adan Cruz ("Cruz") bring this lawsuit against Defendants Amanda Brown ("Brown") and Nicole Mouton

("Mouton") in their *individual capacities*. Both are employees of the Texas Department of Family and Protective ("TDFPS"[1]), and are employed as Family Based Safety Services ("FBSS") specialists. TDFPS is an agency of the State of Texas. TEX. HUMAN RES. CODE § 40.002. Plaintiffs bring claims under three theories of liability. First, Plaintiffs assert a Fourteenth Amendment search and seizure claim pursuant to 42 U.S.C. § 1983, related to the temporary removal of Plaintiffs' seven children. (Doc. 1, ¶¶ 44–51, *Pls' Orig. Compl.*). Second, Plaintiffs assert a claim for Intentional Infliction of Emotional Distress ("IIED") against the TDFPS Defendants. *Id*., at ¶¶ 69–75. Third, Plaintiffs assert an "Abuse of Process" claim. *Id*., at ¶¶ 76–80. However, each of these claims is subject to dismissal pursuant to Federal Rule 12(b)(6) as follows:

1. TDFPS Defendants are entitled to qualified immunity to Plaintiffs' claims;

2. Plaintiffs fail to state an unlawful search and seizure claim under the Fourth and Fourteenth Amendments; and

3. Plaintiffs fail to state a claim for relief for the pendent state tort claims of IIED or Abuse of Process under Texas Law, therefore requiring dismissal.

---

[1] Throughout Plaintiffs' Complaint they refer to the Department of Family and Protective Services as "TDPRS," apparently referring to the agency's name from prior to 2004 of Department of Protective and Regulatory Services. However, Defendants will refer to their employer by its proper acronym of TDFPS.

**Material Facts Alleged By Plaintiffs**

Plaintiffs assert that TDFPS employees Defendant Brown visited Plaintiffs' home on March 1, 2016, under the supervision and direction of her supervisor, Defendant Mouton. *Compl.*, at ¶ 19. Plaintiffs claim that as a result of what Brown observed during her visit, Brown and a John Doe 1, allegedly another employee of TDFPS, executed the emergency removal of their seven children. Specifically, on March 2, 2016, a John Doe arrived at the school where four of Plaintiffs' children were students, and took them into the emergency custody of TDFPS based on the living conditions observed at Plaintiffs' home. *Id.*, at ¶¶ 26–28. Separately, and also on March 2, 2016, Defendant Brown allegedly effected the removal of Plaintiffs' other three children from Plaintiffs' home. *Id.*, at ¶¶ 33. Plaintiffs claim that during this encounter Brown was accompanied by two officers from the City of Houston Police Department. *Id.*

On March 3, 2016, a hearing was held concerning the removal of Plaintiffs children. *Id.*, at ¶ 40. Plaintiffs assert that the Court ordered the return of Plaintiffs children, and that TDFPS complied. *Id.*, at ¶¶ 41, 43.

## II. STANDARD OF REVIEW

A complaint must be dismissed if the court lacks subject matter jurisdiction over the plaintiff's claim, Fed. R. Civ. P. 12(b)(1), or if the plaintiff fails to state a claim upon which relief may be granted, Fed. R. Civ. P. 12(b)(6). An action may be

dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) on any of three separate grounds: (1) the complaint standing alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint, the undisputed facts, and the court's resolution of disputed facts. *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989). A motion to dismiss pursuant to Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under rule 12(b)(6). *See Home Builders Assoc. of Mississippi, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998). A dismissal pursuant to Rule 12(b)(6) is only proper when it appears beyond a doubt that the plaintiff can prove no set of facts in support of his or her claims that would entitle the plaintiff to relief. *Rubinstein v. Collins*, 20 F.3d 160 (5th Cir. 1994).

Furthermore, to avoid dismissal, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc*., 407 F.3d 690, 696 (5th Cir.2005); *see also Iqbal*, 556 U.S. at 664 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (*quoting Twombly*, 544 U.S. at 555).

### III. LEGAL ARGUMENT

**A. TDFPS Defendants are each entitled to Qualified Immunity.**

Plaintiffs generally allege that the Individual DFPS Defendants violated their Fourth and Fourteenth Amendment rights. However, as discussed below, the TDFPS Defendants are each entitled to qualified immunity.[2]

**1. The legal standard for Qualified Immunity.**

When defendants raise a defense of Qualified Immunity in a 12(b)(6) motion, they are "entitled to dismissal before the commencement of discovery," unless the plaintiff alleges a violation of established law. *See Morgan v. Swanson*, 610 F.3d 877, 882 (5th Cir. 2010) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Qualified immunity shields government officials performing discretionary functions "from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). Qualified immunity applies even if a

---

[2] TDFPS Defendants are entitled to qualified immunity because the bare allegations comprising Plaintiffs' claims make it susceptible to dismissal as a matter of law at this state in proceedings, instead of on summary judgment.

government official commits "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation omitted). "The defendant's acts are held to be objectively reasonable unless *all* reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution or the federal statute as alleged by the plaintiff." *Thompson v. Upshur Cnty., Tex.,* 245 F.3d 447, 457 (5th Cir. 2001). The Fifth Circuit has clarified that the plaintiff must "point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity." *Morgan v. Swanson*, 659 F.3d 359, 371–72 (5th Cir. 2001).

Plaintiffs assert claims against the TDFPS Defendants for actions each Defendant took within the course and scope of her employment with DFPS and as provided for by Texas law. DFPS Defendants have each acted in good faith, and each plead qualified immunity to Plaintiffs' claims. The burden rests with Plaintiffs to rebut TDFPS Defendants' assertion of qualified immunity. See *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007).

In order to abrogate TDFPS Defendants' qualified immunity, Plaintiffs must prove (1) a violation of a clearly established constitutional right by each Defendant, and (2) that the conduct of each DFPS Defendant was not objectively reasonable in light of clearly established law at the time of the events giving rise to the suit. *See*

*DeLeon v. City of Dallas*, 141 Fed. Appx. 258, 261 (5th Cir. 2005); *See Burns-Toole v. Byrne*, 11 F.3d 1270, 1274 (5th Cir. 1994), cert. denied, 512 U.S. 1270. Furthermore, the Supreme Court has made it clear that, to satisfy Rule 8 pleading requirements to defeat qualified immunity, a plaintiff asserting Section 1983 claims "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 677–78. (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiffs do not satisfy this requisite analysis.

### 2. Defendant Brown is entitled to qualified immunity for conduct performed as an employee for TDFPS.

Plaintiffs allege that Brown sought the removal of Plaintiffs' children as a result of her observations during a visit to Plaintiffs' home. *Compl.*, at ¶¶ 19–20. Plaintiffs further assert that Brown was "conforming to the policies, longstanding customs, or widespread practices of [TDFPS]," her employer. *Id.*, at ¶ 37; *See also* TEX. FAM. CODE § 262.104. Moreover, Plaintiffs admit that they received a hearing concerning the emergency removal of their children, in compliance with Texas law. *Compl.*, at ¶ 40 (hearing was held within one day of removal of children). *Compare* TEX. FAM. CODE § 262.106(a) (requiring hearing on emergency removal within one working day of removal in most circumstances). These facts, as pled, do not show

that Brown violated Plaintiffs' rights or was otherwise unreasonable. *Byrne*, 11 F.3d at 1274.

Separately, Plaintiffs make conclusory—not factual—statements that Brown and her supervisor "hatched a plan to execute a coordinated removal of the children in a cleverly planned attack on Plaintiffs' 14th amendment substantive due process rights." *Compl.*, at ¶ 25. Legal conclusions such as these, although appropriate to framing the issues, must still be supported by factual allegations. *Iqbal*, 556 U.S. at 680–81. Plaintiffs further speculate that Brown targeted Plaintiffs because "they were poor and had adoptable children, including an infant." *Id.*, at ¶ 23. However, Plaintiffs plead no underlying facts to this serious allegation.

In light of the above, Defendant Brown is entitled to qualified immunity and dismissal of all claims against her.

### 3. Defendant Mouton is separately entitled to qualified immunity.

In addition to and separate from Defendant Brown, Defendant Mouton is also entitled to qualified immunity. Plaintiffs plead almost no facts concerning Mouton's alleged conduct. Specifically, Plaintiffs assert that Mouton was Brown's supervisor and directed Brown's March 1, 2016 visit to Plaintiffs' home. *Compl.*, at ¶ 19. However, they do not plead that Mouton took part in the actual visit. The only other allegations Plaintiffs make particular to Mouton is the broad allegation that she was part of a "plan" to remove Plaintiffs' children because they were "adoptable". *Id.*,

at ¶¶ 23, 25. However, as discussed above concerning Defendant Brown, these allegations are not substantiated by well-pled facts and appear speculative in nature.

### B. Plaintiffs' Fourth and Fourteenth Amendment Claims against TDFPS Defendants should be dismissed.

### 1. Fourth and Fourteenth Amendment rights are personal.

This Court should dismiss the search and seizure claims brought by Romero and Cruz in their individual capacities concerning the removal of their children. Plaintiffs bring claims for unlawful seizure pursuant to the Fourth and Fourteenth Amendments of the U.S. Constitution. *Compl.*, at ¶¶ 1, 44–51. However, the right to be free from unlawful seizure in a custody matter is a personal right that belongs only to the child himself. *See Alderman v. U.S.*, 394 U.S. 165, 174 (1969) ("Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted."); *Graham v. City of New York*, 869 F.Supp.2d 337, 355 (E.D.N.Y. 2012) (holding that Fourth Amendment unlawful removal claim can only be brought on behalf of the child, not parents of the child); *P.C. v. Conn. Dep't. of Children & Families*, 662 F.Supp.2d 218, 232 (D. Conn. 2009) (holding that unlawful seizure of children implicated only the Fourth Amendment rights of the children, and not the parents); *Anderson v. Cnty. of San Diego*, 2011 WL 1157830, *4 (S.D. Cal. 2011) (holding that father could not state a Fourth Amendment claim based on the seizure of his children).

### 2. Plaintiffs otherwise fail to assert a Substantive Due Process claim.

As part of Plaintiffs' Fourteenth Amendment claim, they appear to assert a substantive due process family integrity[3] claim. *Compl.*, at ¶¶ 49–50. "To demonstrate a viable substantive due process claim, in cases involving government action, the plaintiff must show that the state acted in a manner that "shocks the conscience." *Hernandez ex rel. Hernandez v. Texas Dept. of Protective & Regulatory Services*, 380 F.3d 872, 880 (5th Cir. 2004) (citing *County of Sacramento, et al. v. Lewis,* 523 U.S. 833, 846 (1998)). Plaintiffs must show that "the defendant state official at a minimum acted with deliberate indifference toward the plaintiff." *Id.*, (citing *McClendon v. City of Columbia*, 305 F.3d 314, 326 (5th Cir. 2002). Acting with deliberate indifference means a state action "consciously disregard[ed] a known and excessive risk to the victim's health and safety." *Id.* (*Citing Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

The facts pled by Plaintiffs do not demonstrate a possible right to relief above the speculative level. *In re Katrina Canal*, 495 F.3d at 205. Plaintiffs plead that Defendants Brown and Mouton are responsible for removing Plaintiffs' children upon Brown's inspection of their living conditions. *Compl.*, ¶¶ 19, 26–28, 33. Within a day of the removal, TDFPS Defendants secured a court hearing concerning

---

[3] While Plaintiffs refer to it in their Complaint as "Familial Association," Defendants will use the term that Fifth Circuit case law employs. *See, e.g., Morris v. Dearborne*, 181 F.3d 657, 666–67 (5th Cir. 1999).

the removal, as required by law. *Id.*, at ¶ 40; TEX. FAM. CODE § § 262.106(a). These facts, as pled, do not establish a right to relief for a substantive due process violation. *See, e.g., Martin v. Texas Dept. of Protective & Regulatory Services*, 405 F. Supp. 2d 775, 788 (S.D. Tex. 2005) (temporary removal of child under CPS and statutory procedures, as well as provision of post-deprivation hearing following day, preclude substantive due-process claim of interference with family relations).

In light of the above, Plaintiffs fail to state a due process claim against Brown and Mouton as a matter of law.

### C. Plaintiffs fail to state a claim for relief under the Texas Tort Claims Act for IIED or Abuse of Process.

Plaintiffs assert a common-law tort claim of Intentional Infliction of Emotional Distress against Romero and Cruz, based on actions that Romero and Cruz took as employees of TDFPS. *Compl.*, at ¶¶ 69–75. Similarly, Romero and Cruz bring a tort claim of Abuse of Process against both TDFPS Defendants. *Id.*, at ¶¶ 76–80. However, both of these claims are barred by the Texas Tort Claims Act ("TTCA"), therefore depriving this court of pendent jurisdiction.

### 1. IIED and Abuse of Process are state tort claims.

Intentional Infliction of Emotional Distress is an intentional tort under Texas law. *Tipps v. McCraw*, 945 F. Supp. 2d 761, 765 (W.D. Tex. 2013); *See also Standard Fruit & Vegetable Co., Inc. v. Johnson,* 985 S.W.2d 62, 65 (Tex.1998) (citing *Twyman v. Twyman,* 855 S.W.2d 619, 621–22 (Tex.1993))

(noting that Texas Supreme Court first recognized tort of IIED in 1993). Separately, an Abuse of Process claim is also considered a state tort claim, whose analysis originates under the law of the state in which the alleged misconduct took place. *See, e.g., Duboue v. City of New Orleans*, 909 F.2d 129, 132 (5th Cir. 1990) (applying State of Louisiana's legal construction of the "tort of abuse of process" to determine whether plaintiff stated a claim for relief); *Smith v. Texas Dept. of Family & Protective Services Child Protective Services*, CIVA SA-08-CA-940XR, 2009 WL 2998202, at *3 (W.D. Tex. Sept. 15, 2009) (applying Texas state law in dismissing abuse of process claim).

### 2. TDFPS Defendants are entitled to dismissal of both tort claims as a matter of law.

The TTCA includes a strict "Election of Remedies," which requires "a plaintiff to make an irrevocable election at the time suit is filed between suing the governmental unit under the Tort Claims Act or proceeding against the employee alone." *Mission Consol. Indep. School Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008); *see also* TEX. CIV. PRAC. & REM. CODE § 101.106. This provision "narrows the issues for trial and reduces delay and duplicative litigation costs." *Garcia*, 253 S.W.3d at 657.

In particular, Section 101.106(f) applies in suits against a governmental employee (such as this one), and it states:

> If a suit is filed against an employee of a governmental

> unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE § 101.106(f). Furthermore, under section 101.106(f), suit "could have been brought" under the TTCA against the governmental entity regardless of whether the TTCA waives immunity from suit for such claims. *Franka v. Velasquez*, 332 S.W.3d 367, 385 (Tex. 2011) (emphasis added); *see also Garcia*, 253 S.W.3d at 659 ("all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be "under [the Tort Claims Act]" for purposes of section 101.106."). As a result, Section 101.106(f) effectively "foreclose(s) suit against a government employee in his individual capacity" for tort claims "if he was acting within the scope of employment." *Franka,* 332 S.W.3d at 382. Indeed, the TTCA "strongly favors dismissal of governmental employees." *Tipps v. McCraw*, 945 F.Supp.2d 761, 766 (W.D.Tex.2013) (citing *Waxahachie Indep. Sch. Dist. v. Johnson*, 181 S.W.3d 781, 785 (Tex. App.—Waco 2005). Such claims must be brought against the state agency, if at all, regardless of whether that entity is immune from such claims.

The question of scope of employment "encompasses two inquiries: whether

the individual defendant was an employee of a governmental unit and whether the acts alleged fall within the scope of that employment at the relevant time." *Anderson v. Bessman*, 365 S.W.3d 119, 124 (Tex. App.—Houston [1st Dist.] 2011, no pet.). The TTCA defines "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in and about the performance of a task lawfully assigned to an employee by competent authority." TEX. CIV. PRAC. & REM. CODE § 101.001(5). Furthermore, "[a]n official acts within the scope of her authority if she is discharging the duties generally assigned to her." *City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994) (finding that on-duty police officers, pursuing suspect in squad car, did not act outside scope of authority in driving without regard for safety of others).

It is clear from the face of Plaintiffs' Complaint that Defendants Brown and Mouton were acting in the general scope of their employment with TDFPS when Brown conducted an emergency removal of Plaintiffs' children. First, Plaintiff admits that Brown and Mouton were employed by TDFPS at all relevant times. *Compl.*, at ¶¶ 5–6. Second, the removal of Plaintiffs children was within the scope of Brown's employment of TDFPS as an FBSS specialist, and Plaintiffs assert that Brown visited their home at the direction of her supervisor, Defendant Mouton. *Id.*, at ¶ 19. Plaintiffs admit that Defendant Brown expressed concern about the living situation of their children. *Id.*, at ¶ 20. Plaintiffs further plead that Defendants

Brown and Mouton were "conforming to the policies, longstanding customs, or widespread practices of [TDFPS]." *Id.*, at ¶ 37. Such admissions place the conduct of Defendants Brown and Mouton squarely within the scope of their employment with TDFPS, and "being in and about the performance of a task lawfully assigned" to them as employees when the alleged act occurred. TEX. CIV. PRAC. & REM. CODE § 101.001(5).[4] Even if Brown removed Plaintiffs' children based on a personal or improper motive, those actions would still be within the scope of Brown's employment for purposes of section 101.106(f). *See Bessman*, 2011 WL 5429069, at *5 ("So long as it falls within the duties assigned, an employee's conduct is 'within the scope of employment,' even if done in part to serve the purposes of the employee or a third person.") (citing cases).

In short, the alleged IIED and Abuse of Process claims against Defendants Brown and Mouton are based on conduct within the general scope of their employment and could have been brought under the TTCA against TDFPS.[5] As a result, these tort claims against Brown and Mouton in their individual capacities should be dismissed pursuant to section 101.106(f). *See, e.g., Carter v. Diamond*

---

[4] Defendants rely solely on the allegations in the complaint for this motion.
[5] To be clear, TDFPS would be immune from Plaintiffs' tort claims under the TTCA. However, Texas law provides that all tort claims are considered to be "under" the TTCA for purposes of section 101.106, regardless of whether the governmental unit is immune from such claims. *Franka*, 332 S.W.3d at 385; *Garcia*, 253 S.W.3d at 659.

*URS Huntsville, LLC*, 175 F. Supp. 3d 711, 752 (S.D. Tex. 2016) (granting 12(b) motion to dismiss tort claims against governmental employees); *McCraw*, 945 F.Supp.2d at 768 (same result).

## IV. CONCLUSION

For the reasons set forth above, Defendants Amanda Brown and Nicole Mouton respectfully request that this Court dismiss all claims against them. Defendants also ask for any additional relief to which they are entitled.

                Respectfully submitted,

                KEN PAXTON
                Attorney General of Texas

                JEFFREY C. MATEER
                First Assistant Attorney General

                BRANTLEY STARR
                Deputy First Assistant Attorney General

                JAMES E. DAVIS
                Deputy Attorney General for Civil
                Litigation

                ANGELA V. COLMENERO
                Chief - General Litigation Division

                  */s/   Michael J. Patterson*
                **MICHAEL J. PATTERSON**
                **Texas Bar No. 24074868**
                **Southern District No. 1607819**
                **Attorney-in-Charge**
                Assistant Attorney General
                General Litigation Division
                P.O. Box 12548, Capitol Station

Austin, Texas 78711-2548
(512) 475-4271
FAX: (512) 320-0667
Michael.patterson@oag.texas.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent by ECF, on this the 6th day of March, 2017, to:

Edward A. Rose, Jr.
Attorney at Law, PC
7324 Southwest Freeway Suite 610
Houston, Texas 77074
edrose@edroseattorneycpa.com

Samuel Park
Attorney at Law
10721 Calston Way
San Diego, California 92126
sam@sampark.lawyer

*/s/ Michael J. Patterson*
MICHAEL J. PATTERSON
Assistant Attorney General